MICHAEL DIVERSY, Appellant, *v.* HENRY WILL, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

A witness who is objected to because of interest in the event of the suit, may be examined on his *voir dire*, or his interest may be shown by other witnesses, but resort cannot be had to both sources; nor can the witness objected to be called to contradict those who have testified as to his disqualification.

THIS was an action of assumpsit.

The first count is against Diversy as survivor, upon a promissory note given by Johnson & Diversy as a firm, under the name, style and firm of Johnson & Diversy, dated 22nd June, 1860, payable six months after date, for the sum of $407.48.

The second count is against Diversy as a surviving partner, for goods, wares, etc. Common count, purchased 20th May, 1860.

The third is a common count for $1,000, for goods, wares,

etc., purchased 25th October, 1860, against Diversy as surviving partner.

The fourth is a general *indebitatus* count, for goods, wares, etc., against Diversy as surviving partner.

Plea, general issue.

The jury returned a verdict as follows, viz.: "We, the jury, find issues for said plaintiff, and assess damages herein against said defendant, as surviving partner of Frank Johnson, deceased, to the sum of seven hundred and thirty-three dollars and fifty-three cents."

Appellant entered his motion for a new trial, which was overruled, and appeal prayed and allowed.

The bill of exceptions shows, that after the plaintiff below closed his evidence, the appellant called Orrin J. Rose as a witness, and offered to have said Rose sworn as a witness, and to prove by him that the goods, wares and merchandise sued for, were greatly overcharged, and that many packages were wholly worthless and unsaleable, and that the plaintiff admitted the same, and promised to make a fair deduction out of the note sued on, and out of the open account, upon final settlement.

The plaintiff below objected, on the ground that said Rose was interested. And thereupon, to prove such interest, the plaintiff called several witnesses, who were examined touching that fact.

The court below decided that Rose was interested, and excluded him from giving testimony in this cause for appellant, and refused to allow him to be sworn as a witness.

To which decision the appellant excepted.

Appellant made his motion for a new trial, which was overruled.

The assignment of errors is as follows:

The court decided that Rose was interested and incompetent.

The court refused appellant a new trial.

The court rendered a judgment for appellee.

W. B. Scates, for Appellant.

Barker & Tuley, for Appellee.

The court did not err in excluding witness Rose, as interested and incompetent. Defendant in the court below, offered Orrin J. Rose as a witness to prove certain facts. The plaintiff objected on the ground that Rose was interested; and thereupon, to prove such interest, called one Augustus F. Otto, who testified to certain admissions of Diversy (of firm of Johnson & Diversy) before purchase of goods for which note was given. Other testimony was given by plaintiff and defendant, and the court below decided Rose incompetent upon the ground of interest.

The interest of a witness may be shown by either examining him on his *voir dire* or *by other evidence.* 1 Phil. Ev. 120, n. 6; 1 ib. 98, n. 2; 1 ib. 99, n. 48, C. & H.; Greenl. Ev. § 423.

What the party who offers the witness said as to his interest, is competent to prove interest. *Pierce* v. *Chase,* 8 Mass. 487; 1 Harr. & Johns. (Md.) 135; 1 Phil. Ev. 104, n. 49; 1 Dev. & Batt. 442, 445.

Cannot in such case disprove interest by witness himself. 1 Phil. Ev. 104, n. 49; 21 Penn. 443; 14 Penn. State R. 390; 1 Aiken (Vt.) 71; 3 Conn. 319.

WALKER, J. This record presents the question whether a witness, when he is objected to, on account of interest, and other evidence than his *voir dire,* is introduced, can purge himself by his own evidence. When a witness is offered, on the trial, the opposite party may, before the witness is sworn, show his interest by other witnesses, or he may make him his own witness to prove the fact. But when other evidence has been resorted to, can the party offering him rebut that evidence, by the witness himself? It is the well settled doctrine, in both the British and American courts, that when resort is had to the *voir dire,* and it fails to establish an interest, the party objecting is concluded from resorting to other evidence to rebut his testimony. And when other evidence is resorted to, the proposed witness cannot be examined to prove the alleged interest. And it seems that when other evidence is heard, the proposed witness cannot be introduced for the purpose of disproving the interest. 1 Greenl. Ev. §

423; *Mott* v. *Hicks*, 1 Cow. 513. If the *voir dire* is resorted to, it alone must determine the issue. So of other evidence. When one of the modes is adopted, it alone must govern and determine the issue. When the issue is made, the party objecting holds the affirmative, and he may waive the supposed interest of the witness, and introduce him to prove the fact, or he may exclude him altogether, at his option.

The court below did right in excluding Rose from testifying on the question of his interest in the event of the suit, and the evidence of the other witness proved that he had an interest in the suit, which disqualified him from giving evidence in chief, and the judgment of the court below must be affirmed.

*Judgment affirmed.*